# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BETTY TRUXILLO, RUSSELL                                  CIVIL ACTION
TRUXILLO AND DIANNE MCNABB

**VERSUS**

STATE FARM FIRE AND                                      NO. 10-701-RET-CN
CASUALTY COMPANY

## RULING & ORDER

This matter is before the Court on the "Motion and Order to Compel the Discovery

Depositions of Gulf Coast Catastrophe Consultants, LLC Representative[s], Josh Barbee

and Dianne McNabb" (R. Doc. 12) filed by defendant, State Farm Fire and Casualty

Company ("State Farm"). Plaintiffs, Betty Truxillo, Russell Truxillo, and Dianne McNabb

("McNabb")(collectively "plaintiffs"), have not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

This suit arises out of damages allegedly sustained to property owned by plaintiffs,

Betty and Russell Truxillo, as a result of Hurricane Gustav.[1]  The suit was filed on

September 1, 2010 in state court and subsequently removed to this Court on October 13,

2010.  The Court issued a Scheduling Order on February 11, 2011, which set a discovery

deadline of August 9, 2011. *See*, R. Doc. 7.  In spite of that discovery deadline, State Farm

has been unable to obtain dates from plaintiffs for the depositions of their retained public

adjuster witness, Gulf Coast Catastrophe Consultants, LLC ("GCCC") principal, Josh

Barbee ("Barbee"), nor has State Farm been able to obtain dates for the deposition of

_____

[1] McNabb is the Truxillo's daughter, a resident of one of the properties at issue in this suit, and a
co-plaintiff in this matter until July 29, 2011, when her claims were dismissed on summary judgment.

1

McNabb, the plaintiffs' daughter who was a former co-plaintiff in this suit. All efforts to obtain McNabb's available deposition dates occurred while she was still a litigant in this lawsuit. On August 1, 2011, State Farm filed this motion seeking to have the Court compel plaintiffs to provide dates for the discovery depositions in question that are within the next thirty(30) days and to compel the appearance and participation of Barbee and McNabb at those depositions.

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The rule specifically provides:

> LR7.5M        Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

As mentioned above, the present motion was filed on August 1, 2011, and the Court's electronic filing system indicates that notice of the filing of the motion was sent to plaintiffs' counsel on that same date at 11:28 a.m. CDT. Thus, over twenty-one (21) days have elapsed since the service of the motion, and plaintiffs have failed to file any opposition. The motion is therefore deemed to be unopposed.

In addition to being unopposed, the undersigned finds that State Farm's motion has

merit and should be granted for the reasons that follow. Pursuant to Fed. R. Civ. P. 30(a)(2), a party may, by oral questions, depose any person, including a party, without leave of court, except as provided in Rule 30(a)(2).[2] Although privileged information may not be discovered through oral deposition, a party is entitled to question witnesses about discoverable, factual knowledge that they have relating to the case. *Hammons v. Ohio Cas. Ins. Co.*, 2009 WL 2382892 (E.D.Ky. 2009)(compelling the oral deposition of an insurance claims representative since he was likely to have discoverable, factual knowledge related to the case); *Brockway v. Veterans Admin Healthcare System*, 2011 WL 1459592 (D.Conn. 2011)(A party is generally entitled to depose fact witnesses who possess non-privileged information directly related to, or that may reasonably lead to, any matter bearing on the plaintiff's claim). Furthermore, Fed. R. Civ. P. 26(b)(4)(A) provides that a party may depose any person who has been identified as an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(A).

As discussed above, GCCC is a public adjusting firm retained by the plaintiffs in connection with this litigation and identified in discovery and plaintiffs' Rule 26 disclosures as a witness. State Farm is entitled to depose GCCC's principal, Barbee, in order to properly defend against any opinions Barbee has rendered as a representative of GCCC in connection with this litigation. State Farm is also entitled to take the deposition of McNabb since she is a resident of one of the properties in question in this suit, *i.e.*, the "Azrok property," and, according to State Farm, could be "the only person who may be able to shed light on whether there is uncompensated damage" to that property. *See*, Exhibit

---

[2] The provisions of Rule 30(a)(2) are inapplicable herein.

1 to State Farm's motion.  Although McNabb is no longer a party to this litigation and plaintiffs contend that they no longer intend to call her as a witness, she likely possesses knowledge of facts that are directly related to the plaintiffs' claims, or that may reasonably lead to matters bearing on the plaintiffs' claims, and is therefore subject to deposition as a fact witness.

Accordingly;

**IT IS ORDERED** that the "Motion and Order to Compel the Discovery Depositiosn of Gulf Coast Catastrophe Consultants, LLC Representative, Josh Barbee and Dianne McNabb" filed by defendant, State Farm Fire and Casualty Company, is hereby **GRANTED** and that plaintiffs shall provide dates for the discovery depositions of those individuals that are within the next thirty(30) days.

**IT IS FURTHER ORDERED** that Josh Barbee and Dianne McNabb shall appear for and participate in those depositions, which are to take place within the next thirty (30) days.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2011.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**